IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-73-BO

| | |
|---|---|
| JODY M. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on April 6, 2015, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed and this matter is remanded for an award of benefits.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disabled widow's benefits (DWB) pursuant to Title II of the Social Security Act and supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff filed for DWB and SSI on October 19, 2011, alleging disability since May 20, 2011. After initial denials, a video-hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff was the unmarried widow of the deceased insured worker, had attained the age of 50, and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's degenerative disc disease, asthma, hepatitis C, bilateral knee and shoulder osteoarthritis, post-laminectomy syndrome, chronic obstructive pulmonary disease, bipolar disorder, and adjustment disorder with depressed mood were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff could perform a reduced range of light work with exertional and nonexertional limitations. The ALJ found that plaintiff could not return to her past relevant work, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff

3

could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of her decision.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). Plaintiff was born in 1961 and turned fifty years old after her alleged onset date but during the pendency of her application. Although the record lacks a treating physician who had a longitudinal view of plaintiff's impairments, plaintiff has a documented history of pain. In 2009, plaintiff was diagnosed with post-laminectomy syndrome, lumbosacral spondylosis, and cervical spondylosis with myelopathy. Tr. 362. Also in 2009, an X-ray revealed osteophyte formation in her lumbar spine and multi-level degenerative changes. Tr. 416. A 2010 MRI revealed facet hypertrophy from L2-S1, broad-based disc bulging, and subarticular zone narrowing contacting the L5 descending nerve root but without nerve root compression. Tr. 396. In June 2012, plaintiff was noted to have suffered from long-standing sciatica and to have rheumatoid arthritis. Tr. 616. Plaintiff was advised to use gentle movements and to avoid heavy lifting. *Id.*

A State agency consultative examiner, Dr. Bohnic, opined that plaintiff would be limited to sedentary work. Dr. Bohnic noted that plaintiff should lift only ten pounds occasionally or frequently and should be limited to up to two hours of standing or walking with intermittent twelve minute breaks to sit. Tr. 547. The ALJ found, however, that plaintiff could perform light work. Light work requires a claimant to be able to lift no more than twenty pounds at a time with frequent lifting or carrying of objects up to ten pounds. 20 C.F.R. § 404.1567(b). Light work also requires either a good deal of walking or standing, or sitting most of the time with some pushing and pulling of controls. *Id.* The ALJ afforded little weight to the opinion of

4

Dr. Bhonic because it was based on plaintiff's subjective complaints and was inconsistent with the findings of Dr. Tanta, another consultative examiner. Tr. 31.

Once a claimant has met her threshold obligation of demonstrating objective medical evidence of a condition reasonably likely to cause pain, the claimant is "entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.,* that his pain is so continuous and/or so severe that it prevents him from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). The ALJ found that plaintiff had satisfied her threshold obligation. Tr. 26. Regarding the second part of the test, plaintiff testified that the hearing before the ALJ that she could stand for a maximum of thirty minutes and needed to alternate between sitting and standing. Tr. 53-55. Plaintiff further testified that she felt comfortable lifting no more than five pounds and that her back pain which radiates down her leg rates on average between seven and eight on a scale of one to ten. Tr. 56-7. Plaintiff also advised her mental health providers of her chronic pain due to arthritis,[1] Tr. 687, and reported to the State agency consultative psychologist in August 2012 that she experienced chronic pain in her low back, hands, and legs. Tr. 549.

The ALJ's rejection of Dr. Bhonic's functional assessment of plaintiff is not supported by substantial evidence. In accordance with *Hines*, plaintiff is permitted to rely on subjective evidence to demonstrate the effects of her pain on her ability to perform work on a regular and continuing basis. Moreover, Dr. Tanta's opinion does not provide an exertional functional

---

[1] As noted by the ALJ, there is little mention of the record save what is cited above regarding a diagnosis of rheumatoid arthritis. There is ample mention in the record, however, of arthritic pain in plaintiff's shoulders and knees and diagnosis of osteoarthritis. *See, e.g.* Tr. 543. Recognizing that rheumatoid arthritis and osteoarthritis are different diagnoses, both nonetheless can result in pain, of which plaintiff complained.

5

assessment of plaintiff, and thus cannot directly conflict with Dr. Bhonic's opinion regarding plaintiff's ability to lift, carry, sit, and stand.

Affording the proper weight to plaintiff's subjective complaints and the only exertional functional assessment of plaintiff by an examining medical provider in the record would result in a finding that plaintiff could perform not more than sedentary work. Due to plaintiff's age and other factors, an RFC of sedentary work would result in a finding of disability under Grid Rule 201.14. 20 C.F.R. Pt. 404, Subpart P., App. 2 § 202.14.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for her decision and the

6

record before this Court properly supports a finding that the Medical-Vocational Guidelines (Grid Rules) apply. Because the Grid Rules direct a finding of disability, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this __1__ day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE